36856. ROBBINS *v.* THE STATE.

CARLISLE, J. 1. This case is a companion case to *Harris* v. *State*, ante. The defendant here was one of the four jointly indicted, as stated in that case, but was separately tried. While there were some minor discrepancies between the evidence in this case and the evidence as set forth in that case, the facts proved together with all the permissible inferences therefrom were substantially the same. The evidence authorized the verdict of guilty, and the general grounds of the motion are without merit.

2. The single special ground of the motion for new trial complains of the admission of certain testimony of the witness Merritt which tended to show that when he went to New Jersey he had stayed at the same place as had the defendant Harris (who was not a party to this case but who was jointly indicted with the defendant here) when he (Harris) was absenting himself from the State to escape prosecution some two years earlier. Assuming that the objection to this evidence was properly made, the sole objection was that it was irrelevant and immaterial in that it was not related to the defendant now on trial. The evidence in this case showed that the defendant engaged in a conspiracy with James Harris and Peter Wells (two of the defendants in the companion case) to rob and to shoot one Glen E. Gregory. The witness whose testimony was objected to was the State's chief witness who by his testimony placed the defendant on the scene of the crime along with his coconspirators. This evidence was clearly admissible to show an act of the defendant's coconspirators perpetrated for the purpose of concealing the crime or withholding evidence thereof and was not inadmissible for any reason assigned. *Burns* v. *State,* 191 *Ga.* 60 (8), 73 (11 S. E. 2d 350).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 19, 1957.

*Whitman, Whitman & Whitman,* for plaintiff in error.
*George D. Lawrence, Solicitor-General,* contra.